1  Audra M. Mori, Bar No. 162850
   Katherine M. Dugdale, Bar No. 168014
2  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
3  Los Angeles, CA  90067-1721
   Telephone:  (310) 788-9900
4  Facsimile:  (310) 788-3399
   Email:  AMori@perkinscoie.com
5  KDugdale@perkinscoie.com

6
   R. Charles Henn Jr. (*Pro Hac Vice*)
7  Charles H. Hooker III (*Pro Hac Vice*)
   Nichole Davis Chollet (*Pro Hac Vice*)
8  KILPATRICK STOCKTON LLP
   1100 Peachtree Street, Suite 2800
9  Atlanta, GA 30309-4530                          E-FILED 04-20-11
   Telephone: (404) 815-6500                       JS-6
10 Facsimile: (404) 815-6555
   Email: CHenn@KilpatrickStockton.com
11 CHooker@KilpatrickStockton.com
   NChollet@KilpatrickStockton.com
12
   Attorneys for Plaintiffs
13 ADIDAS AG and ADIDAS AMERICA, INC.

14
                    UNITED STATES DISTRICT COURT
15
                   CENTRAL DISTRICT OF CALIFORNIA
16

17
   ADIDAS AMERICA, INC. and        Case No. 10-cv-7928 GHK (CWx)
18 ADIDAS AG,

19              Plaintiffs,         **[PROPOSED] PERMANENT
                                    INJUNCTION ON CONSENT**
20       v.
                                    *Stipulation for Permanent Injunction
21 CONRAD ASHER LICENSING           Filed Concurrently Herewith*
   GROUP, INC.
22                                  NOTE: CHANGES MADE BY THE COURT
                Defendant.
23

24

25       This Court, having considered the Complaint and the entire record in this

26 Action, and Defendant Conrad Asher Licensing Group, Inc. ("Conrad Asher")

27 having consented to the terms of the permanent injunction set forth below, finds as

28 follows based on the parties' stipulation, and as to these parties:

21184-0087/LEGAL20651897.1

1.     Plaintiffs adidas America, Inc. and adidas AG (collectively "adidas") own and extensively use in commerce the Three-Stripe Trademark (the "Three-Stripe Mark"), which is covered by valid U.S. Trademark Registration Nos. 870,136, 961,353, 1,815,956, 1,833,868, 2,016,963, 2,058,619, 2,278,589, 2,278,591, 2,284,308, 2,909,861, 2,999,646, 3,029,127, 3,029,129, 3,029,135, 3,063,742, 3,063,745, 3,087,329, 3,183,656, 3,183,663, 3,236,505 (the "Three-Stripe Registrations").  adidas uses the Three-Stripe Mark in connection with apparel and footwear, among other goods.

2.     On October 21, 2010, adidas filed a Complaint in the instant action claiming, *inter alia*, that Conrad Asher has imported, marketed, distributed, offered for sale, and sold apparel bearing two, three, or four stripes (the "Disputed Products") that infringe adidas's rights in and dilute the distinctive quality of adidas's Three-Stripe Mark.  Examples of the Disputed Products are attached as **Exhibit A**.

3.     Conrad Asher filed an Answer on January 6, 2011, denying adidas's allegations.

4.     The Court has jurisdiction over the subject matter of this action and over Conrad Asher, and venue in this action is proper in this judicial district.

**IT IS HEREBY ORDERED** that:

1.      Conrad Asher and all of its directors, officers, stockholders, successors, and assigns, and all other persons acting for, with, by, through, or under authority from Conrad Asher, and each of them, be **PERMANENTLY ENJOINED and RESTRAINED**, from:

    a.     using the Three-Stripe Mark or any other copy, reproduction, colorable imitation or simulation of adidas's Three-Stripe Mark on or in connection with apparel or any of Conrad Asher's goods or services;

    b.     using any trademark, name, logo, design, or source

|     |     |
| --- | --- |
| 1   | designation of any kind on or in connection with Conrad |
| 2   | Asher's goods or services that is a copy, reproduction, colorable |
| 3   | imitation, or simulation of, or confusingly similar to, adidas's |
| 4   | trademarks, trade dresses, service marks, names or logos; |
| 5   | c.   using any trademark, name, logo, design or source |
| 6   | designation of any kind on or in connection with apparel or any |
| 7   | of Conrad Asher's goods or services that is likely to cause |
| 8   | confusion, mistake, deception, or public misunderstanding that |
| 9   | such goods or services are produced or sold by adidas, or are |
| 10  | sponsored or authorized by adidas, or are in any way connected |
| 11  | or related to adidas; |
| 12  | d.   using any trademark, name, logo, design or source |
| 13  | designation of any kind on or in connection with apparel or any |
| 14  | of Conrad Asher's goods or services that dilutes or is likely to |
| 15  | dilute the distinctiveness of adidas's trademarks, trade dresses, |
| 16  | names, or logos; |
| 17  | e.   passing off, palming off, or assisting in passing off or |
| 18  | palming off Conrad Asher's goods or services as those of |
| 19  | adidas, or otherwise continuing any and all acts of unfair |
| 20  | competition as alleged in the Complaint in this action; and |
| 21  | f.   advertising, promoting, offering for sale, or selling the |
| 22  | Disputed Products. |
| 23  | 2.   This Court shall have continuing jurisdiction to enforce the provisions |
| 24  | of this Permanent Injunction. |
| 25  | / / / |
| 26  | / / / |
| 27  | / / / |
| 28  | / / / |

3. The claims asserted in adidas's Complaint are hereby dismissed with prejudice, with each party bearing its own costs, including attorneys' fees.

**IT IS SO ORDERED**, this 20th day of April, 2011.

_____
The Honorable George H. King
United States District Court Judge